# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2020

Lyle W. Cayce
Clerk

No. 18-50728

CLARENCE D. BROWN,

   Plaintiff - Appellant

v.

MARSHA MCLANE, Executive Director, OVSOM; DIANA LEMON, In Her Official and Individual Capacity as Program Specialist/Case Manager OVSOM; BRIAN COSTELLO, In His Official and Individual Capacity as President, Avalon Correctional Services, Incorporated; OFFICE OF VIOLENT SEX OFFENDER MANAGEMENT; AVALON CORRECTIONAL SERVICES, INCORPORATED; CARLOS MORALES, In His Official and Individual Capacity as Facility Director; ALLISON TAYLOR,

   Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CV-17

Before CLEMENT, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

  We affirm the district court's judgment dismissing Brown's claims.

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50728

In *Brown v. Taylor*, 677 F. App'x 924 (5th Cir. 2017), this court vacated the district court's dismissal of plaintiff Clarence Brown's complaint and remanded for further proceedings. On remand, the district court allowed Brown to file a second amended complaint, but only as to his individual capacity damages claims.[1] Defendants moved to dismiss Brown's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court dismissed Brown's claims with prejudice. It held that he had failed to state a claim for any constitutional violations and that his Texas statutory claims were moot.

In his brief before this court, Brown does not challenge the dismissal of his claims against the Texas Office of Violent Sex Offender Management, Diana Lemon, Brian Costello, or Carlos Morales. Brown has thus forfeited these issues, and we affirm the dismissals of all claims against these defendants.

In this appeal, then, only two defendants remain: Allison Taylor (in her individual capacity) and Avalon Correctional Services, Incorporated. Brown presses due-process claims under 42 U.S.C. § 1983 for alleged denial of medical care and unlawful confinement, and state-law claims under Texas Health & Safety Code § 841.081 for Taylor and Avalon's alleged "fail[ure] to provide a genuine Outpatient Treatment and Supervision Program."[2]

---

[1] The district court dismissed Brown's "official capacity claims and claims for declaratory and injunctive relief" with prejudice. This is why Brown's second amended complaint named defendants in their individual capacities only and sought only damages.

[2] Brown maintains that he also sued Taylor in her official capacity and that Marsha McLane, Taylor's successor, was automatically substituted to defend those claims. But Brown cannot recover against McLane. His federal constitutional claims for damages against McLane in her official capacity would be barred by the Eleventh Amendment, as would his state-law claims, regardless of the form of relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 117 (1984).

No. 18-50728

First, Brown argues that the district court erred by analyzing his constitutional conditions-of-confinement claims under the Eighth Amendment standard. Brown is correct on this point. The district court should not have looked to the Eight Amendment's prohibition on cruel and unusual punishment. As a civil committee, Brown cannot lawfully be punished at all. Rather, his conditions-of-confinement claims arise under the Due Process Clause of the Fourteenth Amendment.

This error, however, was harmless. The district court's dismissal did not turn on whether the Eighth Amendment prohibited certain conditions of confinement. Rather, the court dismissed the claims against Taylor and Avalon because Brown failed to allege sufficient facts to show their involvement in any alleged constitutional violations. Brown has never alleged facts establishing Taylor's personal involvement in his conditions of confinement. Thus, we affirm the dismissal of Brown's individual-capacity claims against Taylor for essentially the same reasons that the district court articulated. Regarding the claims again Avalon, Brown has not disputed Avalon's argument that § 1983 imposes no vicarious liability on it for its employees' actions.[3] Brown never identifies the relevant policymaker at Avalon, what the alleged policies were, or how they led to the conditions of confinement he challenges. So we likewise affirm the district court's dismissal of the constitutional claims against Avalon.

We also affirm the dismissal of Brown's state-law claims, but for different reasons than the district court articulated. The district court held that the 2015 amendments to Texas Health & Safety Code § 841.081 mooted Brown's claims. But Brown's claims are for damages, not prospective injunctive

---

[3] Our circuit has not decided whether private corporations—unlike municipal ones—acting under color of state law can be held vicariously liable under § 1983 for their employees' unconstitutional actions. Neither do we decide this question now. By failing to respond to Avalon's argument that it cannot be vicariously liable, Brown has conceded the point.

relief, so they are not moot. However, Brown has never responded to defendants' dispositive argument that Texas Health & Safety Code § 841.081 lacks a private right of action for damages. Section 1983 creates no such remedy for violations of state law. *Scott v. Fiesta Auto Ctr. of San Antonio*, 273 F.3d 1095 (5th Cir. 2001) ("A violation of state law is not cognizable under § 1983."). And Brown has pointed to no Texas statute that does so either.

For the foregoing reasons, the judgment of the district court is AFFIRMED.